UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

PAUL J. MURPHY, Regional Director of the
Third Region of the National Labor Relations Board,
for and on behalf of the
NATIONAL LABOR RELATIONS BOARD

        Petitioner

    v.                                    CIVIL Case No. ___ CV-____
                                                J._____
                                                ECF CASE
                                                Case No.: 1:20-MC-0011 (DNH/ATB)

**NCRNC, LLC D/B/A NORTHEAST CENTER FOR REHABILITATION AND BRAIN INJURY**

        Respondent

**PETITION FOR INJUNCTION UNDER SECTION 10(j)
OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED**

To the Honorable Judges of the United States District Court for the Northern District of New York:

Comes now Paul J. Murphy, Regional Director of the Third Region of the National Labor Relations Board (the Board), and petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(j)], (the Act) for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board, based upon the Consolidated Complaint of the General Counsel of the Board, alleging that NCRNC, LLC d/b/a Northeast Center for Rehabilitation and Brain Injury (Respondent), has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act. In support thereof, Petitioner respectfully shows as follows:

1. Petitioner is the Regional Director of Region Three of the Board, an agency of the United States, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

3. On November 20, 2019, 1199SEIU United Healthcare Workers East (Union), pursuant to the provisions of the Act, filed with the Board an unfair labor practice charge in Case 03-CA-252090 alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act. (A copy of the original charge is attached as Exhibit A.)

4. On December 10, 2019, the Union, pursuant to the provisions of the Act, filed with the Board an amended unfair labor practice charge in Case 03-CA-252090 alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act. (A copy of the amended charge is attached as Exhibit B.)

5. The aforesaid charge was referred to the Petitioner as Regional Director of the Third Region of the Board. (Affidavit of Geraldine Louissaint Charles, dated December 13, 2019, attached as Exhibit C; First Affidavit of Josh Endy, dated November 26, 2019, attached as Exhibit D; Second Affidavit of Josh Endy, dated January 9, 2020, attached as Exhibit E; Affidavit of Marcos DeAbreu, dated December 17, 2019, attached as Exhibit F; Affidavit of Kelly Leonard, dated December 5, 2019, attached as Exhibit G; First Affidavit of Cathy Todd, dated December 16, 2019, attached as Exhibit H; Affidavit of Carolyn Carchidi, dated December 17, 2019, attached as Exhibit I; Affidavit of Patrick Weir, dated December 17, 2019, attached as Exhibit J; Affidavit of Lige English, dated February 5, 2019,[1] attached as Exhibit K; Affidavit of Kathryn Lohman,

---

[1] English inadvertently dated his affidavit February 5, 2019, however, the affidavit took place on February 5, 2020.

dated February 5, 2020, attached as Exhibit L; Second Affidavit of Cathy Todd, dated February 5, 2020, attached as Exhibit M).

6. On March 4, 2020, the General Counsel of the Board, by the Regional Director of Region Three of the Board, on behalf of the Board, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing against Respondent in Cases 03-CA-252090 and 03-CA-254186.[2] (A copy of the Consolidated Complaint is attached as Exhibit N.)

7. There is reasonable cause to believe that the allegations set forth in the Consolidated Complaint are true and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act. In support of the Petition, based on information and belief, the Petitioner states that:

(a) At all material times, Respondent, a corporation with a place of business located at 300 Grant Avenue, Lake Katrine, New York, has been engaged in the operation of a health care facility providing long term rehabilitation and brain injury care.

(b) Annually, Respondent, in conducting business operations as described above in paragraph 7(a), derives gross revenue in excess of $100,000, and purchases and receives at its Lake Katrine, New York, facility goods and services valued in excess of $5,000 directly from points outside the State of New York.

(c) At all material times, Respondent has been engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, and has been a health care institution within the meaning of Section 2(14) of the Act.

---

[2] The allegation in Case 03-CA-254186, though included in the Consolidated Complaint, is not before this Court as the Petitioner does not seek injunctive relief regarding that allegation.

(d) At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(e) At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act, and agents of Respondent within the meaning of Section 2(13) of the Act.

| | | |
|---|---|---|
| Carolyn Carchidi | - | Director of Nursing |
| Patrick Weir | - | Administrator |
| Marcos DeAbreu | - | CSS Director |
| Steve Winters | - | Head of Housekeeping |
| John Walters | - | Head of Maintenance |
| Andrew Bennett | - | HR Representative |
| Julie Cole | - | Director of Medical Records |
| Estralla Attanasio | - | Night Shift Building Supervisor (until about November 2019) |

(f) At all material times, Keith Peraino held the position of Respondent's Consultant and has been an agent of Respondent within the meaning of Section 2(13) of the Act.

(g) About early September 2019, Respondent, by Estralla Attanasio, at Respondent's facility, interrogated an employee about their union activities.

(h) About November 11, 2019, Respondent, by Keith Peraino, at Respondent's facility, interrogated an employee about the union activities of other employees.

(i) About November 11, 2019, Respondent, by Keith Peraino, at Respondent's facility, threatened its employee with a lawsuit by stating that Respondent and the Union would sue them for passing out union authorization cards.

(j) About November 12, 2019, Respondent, by John Walters, at Respondent's facility, by telling an employee that Respondent had surveillance video of them talking to employees and giving them authorization cards, created an impression among its employees that their union activities were under surveillance by Respondent.

(k) About November 12, 2019, Respondent, by Keith Peraino, at Respondent's facility, threatened an employee by stating that the Union could not protect their nursing license.

(l) About November 19, 2019, Respondent, by Patrick Weir, during a telephone call, threatened an employee with the revocation of their nursing license.

(m) About November 11, 2019, Respondent suspended its employee Josh Endy.

(n) About November 11, 2019, Respondent discharged its employee Josh Endy.

(o) About November 13, 2019, Respondent suspended its employee Cathy Todd.

(p) About November 19, 2019, Respondent discharged its employee Cathy Todd.

(q) Respondent engaged in the conduct described above in paragraph 7(m) and (n) because Endy formed, joined, or assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(r) Respondent engaged in the conduct described above in paragraph 7(o) and (p) because Todd formed, joined, or assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(s) By the conduct described above in paragraph 7(g) through (l), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(t) By the conduct described above in paragraph 7(m) through (r), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(u) The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

8. Upon information and belief, it may be fairly anticipated that, unless enjoined, Respondent will continue to engage in the said acts and conduct, in violation of Section 8(a)(1) and (3) of the Act.

9. Upon information and belief, unless the continuation of the aforementioned unfair labor practices is immediately restrained, a serious flouting of the Act and of public policies involved in the Act will continue, with the result that enforcement of important provisions of the Act and of the public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board Order and enforcement decree. Unless injunctive relief is immediately obtained, it is anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board and during subsequent proceedings before a Court of Appeals for an enforcement decree, with the result that employees will continue to be deprived of their fundamental right to organize for purposes of collective bargaining as provided for in the Act.

10. Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate, just, and proper, for the purposes of effectuating the policies of the Act

and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and to employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act, that, pending the final disposition of the matters involved herein pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar or related acts or conduct, or repetitions thereof.

11. No previous application has been made for the relief requested herein.

**WHEREFORE**, Petitioner seeks the following relief:

1. That the Court issue an order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with them, pending final disposition of the matters involved herein pending before the Board, from:

(a) Interrogating employees about their or their co-workers' union activities;

(b) Threatening employees by stating that Respondent and the Union would sue them for passing out union authorization cards;

(c) Threatening employees with the revocation of their nursing licenses;

(d) Creating the impression that employees' protected union activities are under surveillance;

(e) Suspending employees because they engage in protected union activity; and

(f) Discharging employees because they engage in protected union activity.

2. That the Court issue an affirmative order directing Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons

acting in concert or participation of them, pending final disposition of the matters involved herein pending before the Board, to:

(a) Within five (5) days of the District Court's Order, offer Josh Endy and Cathy Todd interim reinstatement to their former positions; or, if those positions no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employee who may have been hired or reassigned to replace them;

(b) Within ten (10) days of the District Court's Order, rescind the suspensions issued to Josh Endy and Cathy Todd and do not rely on those suspensions when issuing any future discipline;

(c) Within five (5) days of the District Court's Order, post copies of the District Court's Order at Respondent's Lake Katrine, New York facility where notices to employees are customarily posted; said postings shall be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements; all unit employees shall have free and unrestricted access to said postings; and

(d) Within twenty (20) days of the District Court's Order, file with the Court, with a copy submitted to the Regional Director of Region 3 of the Board, a sworn affidavit from a responsible official of Respondent, setting forth with specificity the manner in which Respondent has complied with the terms of this decree, including how it has posted the documents required by this Order.

3. That the Court grant such further and other relief as may be deemed just and proper.

**DATED** at Buffalo, New York, this 13th day of April 2020.

                                          /s/ Paul J. Murphy
                                          PAUL J. MURPHY, Regional Director
                                          National Labor Relations Board – Region 3
                                          Niagara Center Building
                                          130 S. Elmwood Avenue, Suite 630
                                          Buffalo, New York 14202

LINDA M. LESLIE, Regional Attorney
GREGORY LEHMANN, Supervisory Attorney
ALICIA E. PENDER, Counsel for the Petitioner